## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Prepakt Concrete Co.

v.

Medicorp Properties, Inc., et al.

April 14, 1994

Case No. (Law) CL92–232–01

By Judge J. Peyton Farmer

This matter is before the Court on a motion for summary judgment filed by Centex-Rodgers and Seaboard. The motion has been well briefed by counsel. The parties agreed that the depositions of Florence R. Brassier, Board Administrator for the Board for Contractors, taken on April 8, 1993, could be considered by the Court in ruling on the Motion for Summary Judgment. (Virginia Code § 8.01–420 and Rule 2:21). The material facts are not in dispute and are set forth in the memoranda. After consideration of oral arguments and the briefs filed along with the cases and statutes cited therein, the Court makes the following findings.

Prepakt is a "contractor" within the meaning of Virginia Code § 54.1–1100 and that none of the exemptions in § 54.1–1101 apply to it in this case. (This was admitted by Prepakt in Response to Request for Admissions.)

Prepakt had actual knowledge of the licensure requirements of Virginia Code § 54–1100, et seq., at the time it entered into the contract with Centex-Rodgers. It possessed a Contractor's license for many years prior to allowing the license to expire on May 31, 1991.

Prepakt's Contractor's license expired on May 31, 1991, and was not renewed pursuant to Virginia Code § 54.1–1109 and as required by the Regulations in effect on June 30, 1991.

Reinstatement of Prepakt's license on July 31, 1991, did not revive its expired license. The General Assembly has addressed this issue regarding corporations (Virginia Code § 13.1–754) but has chosen not to amend § 54.1–1109.

The portion of the Brassier Affidavit which addresses the effect of reinstatement is a legal conclusion which is a matter for the courts to decide.

Prepakt's contract with Centex-Rodgers was unenforceable at its inception, and failure to have a valid contractor's license on May 31, 1991, is a legal bar to its rights to recover under the contract.

Prepakt's claim against the bond is unenforceable as the contract which serves as the underlying basis on Prepakt's claim against Seaboard's bond is void.

The motion for summary judgment is granted.